FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INSTRUMENTATION LABORATORY CO., <br><br>          Plaintiff - Appellee, <br><br> v. <br><br> WALTER BINDER, individually and as Trustee of the 1998 Binder Family Living Trust, dated June 1, 1998; et al., <br><br>          Defendants - Appellants. | No. 13-55914 <br><br> D.C. No. 3:11-cv-00965-DMS-KSC <br><br><br> MEMORANDUM[*] |
| INSTRUMENTATION LABORATORY CO., <br><br>          Plaintiff - Appellee, <br><br> v. <br><br> WALTER BINDER, individually and as Trustee of the 1998 Binder Family Living Trust, dated June 1, 1998; et al., <br><br>          Defendants - Appellants. | No. 13-56785 <br><br> D.C. No. 3:11-cv-00965-DMS-KSC |

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted May 4, 2015
Pasadena, California

Before: FISHER, BEA, and FRIEDLAND, Circuit Judges.

Defendants Walter Binder, David Gustafson, Donna Gustafson, Charles Manganaro and Brys Myers and associated trusts ("Binder") appeal the district court's grant of summary judgment to plaintiff Instrumentation Laboratory Company ("ILC") in this diversity action. We affirm.

I.

ILC claims its contractual rights were violated by Binder's refusal to indemnify ILC for the money paid by Inova in litigating the Euro-Diagnostica actions. ILC has standing to bring this breach of contract claim because it is asserting its own contractual rights, which are not derivative of Inova's contractual rights. ILC is the real party in interest for its own contractual claims, and the contract does not operate as an assignment of Inova's claims to ILC. Finally, because Inova does not claim an interest in the action, it is not a necessary party. FED. R. CIV. P. 19(a)(1)(B).

2

## II.

The contract unambiguously gives ILC the right to recover repayment for litigation expenses incurred and paid by Inova. "The question whether an indemnity agreement covers a given case turns primarily on contractual interpretation, and it is the intent of the parties as expressed in the agreement that should control." *Zalkind v. Ceradyne, Inc.*, 194 Cal. App. 4th 1010, 1024 (2011) (quotation marks and brackets omitted). Here, the contract provides that "[e]ach Seller. . . agrees to indemnify, defend, protect and hold harmless Buyer and its . . . assigns, successors and Affiliates . . . (individually, a "Buyer Indemnified Party" . . . . ) from, against, and in respect of all Liabilities, losses, claims, damages . . . suffered, sustained, incurred or paid by *any* Buyer Indemnified Party" on account of a misrepresentation by the Sellers. (Emphasis added). This language unambiguously contemplates the indemnity of one Buyer Indemnified Party (such as ILC) for damages incurred by another Buyer Indemnified Party (such as Inova). The district court did not err by giving the contractual language its plain meaning.

## III.

The district court did not abuse its discretion when it concluded that it would have been impracticable for ILC to retain a firm other than Peterson's new firm to work on all aspects of the litigation, nor when it concluded that the relevant market

3

rate for Los Angeles attorneys was to be determined by examination of Los Angeles rates. The district court also did not abuse its discretion by using a corporate attorney billing rate for Marks.

For these reasons, the district court's grant of summary judgment to the plaintiff and its attorney fee award are

AFFIRMED.